**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

FERMIN SAAVEDRA MORALES,

Petitioner,

v.

JEREMY CASEY, *et al.*,

Respondents.

Case No. 26-cv-05799-BAS-VET

**ORDER SETTING EVIDENTIARY HEARING ON AMENDED PETITION (ECF No. 5)**

Petitioner Fermin Saavedra Morales filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained without an administrative warrant. (ECF No. 5.) The Government filed a Return, saying there was an administrative warrant. (ECF No. 7.) In addition, the Government argues, since Petitioner is entitled to a bond hearing—which he has not availed himself of—he has failed to exhaust his administrative remedies. (*Id.*) Petitioner filed a Traverse pointing out that Petitioner is not requesting a bond hearing but immediate release. (ECF No. 8.)

For the reasons stated below, the Court **ORDERS** the parties to appear for an evidentiary hearing on November 13, 2026, at 11:00 a.m. At that hearing, the Government must establish whether and when an administrative warrant was obtained. In addition, if the warrant was obtained after Petitioner was arrested, the Government should be prepared

to establish whether agents assessed and had probable cause to believe Petitioner was likely to escape at the time they detained him.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Bolivia, entered the United States on April 23, 2024, on a nonimmigrant tourist visa. (ECF No. 5, Ex. A ¶ 1.) He overstayed his visa. (ECF No. 7.) On August 13, 2026, Immigration and Customs Enforcement ("ICE") arrested him. (ECF No. 5, Ex. A ¶ 2.) In the documents submitted by the Government, the agents state they explained to Petitioner that they had an administrative warrant for his arrest. (ECF No. 7, Ex. 2.) Petitioner, on the other hand, claims he was never shown a warrant or other document authorizing his arrest. (ECF No. 5, Ex. A ¶ 4.)

## III. ANALYSIS

### A. Exhaustion of Administrative Remedies

The Government argues Petitioner has failed to exhaust his administrative remedies because he is eligible for a bond hearing before an Immigration Judge and has failed to request one. (ECF No. 7.) However, Petitioner is not requesting a bond hearing. (ECF No. 8.) He is requesting immediate release because his arrest was allegedly unlawful. Thus, requesting or holding a bond hearing would be an insufficient remedy.

**B. Warrant for Arrest**

Title 8, United States Code, Section 1226(a) states, "*On a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States" (emphasis added). Nonetheless, an ICE agent may arrest an individual without a warrant if the agent has "reason to believe" the arrestee is in the United States in violation of any immigration law and the arrestee "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The "reason to believe" requirement is the equivalent of "the constitutional requirement of probable cause." *Tejeda-Mata v. Immigr. & Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980) (citation omitted). Thus, an ICE agent must have probable cause to believe the noncitizen is in the United States in violation of immigration laws and is likely to escape before a warrant can be obtained. If the noncitizen is arrested without a warrant, "a determination will be made within 48 hours of the arrest . . . whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

Thus, some courts in this district have held, when a noncitizen is arrested without a warrant, the Government has 48 hours to conduct an initial custody determination and issue a post hoc warrant. *See, e.g.*, *Matute Garcia v. LaRose*, No. 26cv4075-GPC(SBC), 2026 WL 2211804 (S.D. Cal. July 31, 2026); *Tapia Garcia v. Casey*, No. 26-CV-04349-BAS-SBC, 2026 WL 2677275 (S.D. Cal. Sept. 11, 2026); *Rodriguez Pinzon v. Blanche*, No. 26-cv-4374-RBM (AHG), 2026 WL 2547063 (S.D. Cal. Aug. 27, 2026); *Garcia-Juarez v. Blanche,* No. 26-cv-3007-LL (DEB), ECF No. 18 (S.D. Cal. June 30, 2026); *Gonzalez-Ramos v. Mullin*, No. 26-cv-3158-JLS (GC), 2026 WL 1865899 (S.D. Cal. June 29, 2026).

However, even if ICE had probable cause to believe the noncitizen was violating immigration laws and thus an arrest warrant was appropriate and issued within 48 hours, ICE still must satisfy the second prong of a warrantless arrest: that the arrestee "is likely to escape before a warrant can be obtained for his arrest." *See* 8 U.S.C. § 1357(a)(2); *see also* *Diaz Escalante v. LaRose*, No. 26-cv-4259-LEK (AHG), 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026) (reasoning there was "ample evidence to support the inference that

Petitioner was not likely to escape before a warrant could be obtained"; therefore, the warrantless arrest violated 8 U.S.C. § 1357(a)(2) and release was appropriate); *Basurto Quintanar v. Otay Mesa Det. Ctr.*, No. 26-cv-5464-JO (VET), ECF No. 14 (S.D. Cal. Oct. 27, 2026) (reasoning arrest was unlawful because the Government has "not shown the arresting officer had reason to believe Petitioner was likely to escape before a warrant could be obtained").

In *M-J-M-A v. Hermosillo*, 822 F. Supp. 3d 1147 (D. Or. 2026), the district court granted a preliminary injunction prohibiting ICE's practice of arresting people without a warrant and without making a probable cause determination of each person's likelihood of escape. *Id.* at 1158. In *M-J-M-A*, the court found "the 'likely to escape' question looks to 'the totality of the circumstances known to the officer before making the arrest,' including whether the officer can determine the individual's identity, previous escape attempts, and community ties such as family, a home, or a job." *Id.* (quoting *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1217–18 (D. Colo. 2025)). Importantly, the court concluded "an arrest must be based on information known to the officers at the time of arrest and particular to the person to be arrested." *Id.*

In this case, an administrative warrant may have been eventually procured. The first question, however, is whether the agents had the warrant at the time they arrested Petitioner or whether they obtained the warrant within 48 hours after arresting Petitioner. Second, it is unclear from the record whether the agents assessed and had probable cause to believe Petitioner was likely to escape at the time they arrested him without a warrant.

Therefore, the Court sets an evidentiary hearing. At that hearing, the Government must establish: (1) whether and when the warrant was issued; (2) if the warrant was issued after Petitioner's arrest, whether it was issued within 48 hours of his arrest; and (3) whether the agents assessed and had probable cause to believe Petitioner was likely to escape at the time they detained Petitioner if they did so without a warrant.

//

//

## IV. CONCLUSION

In light of the foregoing, the Court **ORDERS** the parties to appear for an evidentiary hearing on **November 13, 2026, at 11:00 a.m.** in Courtroom 12B.

**IT IS SO ORDERED.**

**DATED: November 6, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**